FILED
2018 Mar-14  AM 09:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATE DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **PAPE TAMBA** | ) |
| | ) |
|     **Plaintiff** | ) |
| | ) |
| **v.** | ) |
| | |
| **PUBLIX SUPER MARKETS, INC.** | |
| | ) |
|     **Defendant** | ) |

## COMPLAINT AND JURY DEMAND

### I.    JURISDICTION

1. This is a suit authorized and instituted pursuant to the Act of Congress known as Title VII of the Civil Rights Act of 1964, As Amended,  and  42 U.S.C. § 1981, and 42 U.S.C. § 1981a.

2. Plaintiff, Pape Tamba ( "Tamba" or "Plaintiff"),  is an individual who seeks declaratory, injunctive, back pay, front pay, compensatory and punitive damages, and other relief to redress deprivation by

Defendant of his right to be free of discriminatory employment practices.

2. The Court has pendant jurisdiction of Tamba's state law claim.

## II. ADMINISTRATIVE EXHAUSTION

3. Tamba filed a Charge of Discrimination (420-2017-02629) with the Equal Employment Opportunity Commission (hereinafter "EEOC") against the Defendant Publix Super Markets, Inc. doing business as Publix within 180-days of the last discriminatory act.

4. The EEOC issued a "Dismissal and Notice of Rights" to Tamba and Tamba files this lawsuit less than ninety (90) days after receiving his Notice of Right to Sue.

## III. PARTIES

6. Pape Tamba is of African descent and native of Senegal, over the age of 18 and a resident of the State of Alabama.

7. Defendant, Publix Super Market Inc. is an entity subject to suit under Title VII of the Civil Rights Act of 1964, and 42 U.S.C. 1981.

## IV. FACTS

8. May 2015, Tamba was hired to work for Publix, Inc. in Florida

9. Toward the end of December 2016, Tamba was promoted to a truck driver trainee.

10. After three months of training Tamba became a truck driver.

11. In the beginning of April 8, 2017, Publix transferred Tamba to their new distribution center in McCalla, Alabama as a truck driver.

12. Once in Alabama, the Publix's Dispatch Superintendent made fun of Tamba's noticeable accent and repeatedly asked him where he was from. Others in Publix management treated Tamba in similar manner.

13. Paul Chambers, another Publix's manager, asked Tamba how he obtained the truck driver job and was he aware that it takes ten years to be promoted from trainee to truck driver under the Publix's career path.

14. About a month after his transfer, Tamba's job title changed from truck driver to trucker driver trainee.

15. Tamba, after moving to Alabama, received a wage cut from $21.85 per hour to $19.80.

16. Tamba questioned the pay cut and was informed, "It is what it is."

17. The next day, Tamba pay was cut again to $16.79 per hour.

18. On May 4, 2017 per hour, Tamba contacted Publix Human Resources and complained of discriminatory treatment.

19. Chambers ordered Tamba to stop complaining and informed him Tamba was going nowhere in the company with his attitude (opposing discrimination and unwillingness to accept pay cuts after he moved here) and that Chambers could make Tamba fail in his career.

20. In addition to contacting corporate HR in Florida, Tamba spoke to Ms. Metcalf, a local Publix human resources representative about race/national origin discrimination.

21. On or about May 16, 2017, Tamba re-filed discrimination with Ms. Metcalf.

22. Tamba never received any response to his reports of discrimination including the noticeable and harmful pay-cuts.

23. On or about June 6, 2017 Tamba was notified that he had to –re-submit an FMLA certification form for intermittent leave.

24. Within the previous six-months Tamba had submitted an FMLA form for intermittent leave.

25. Tamba was informed that unless he turned in new FMLA paperwork he was going to be terminated over an absence.

26. Three days later, on or about June 9, 2017, Tamba was terminated by Mr. Chambers stating that Tamba was dishonest in reporting in accident.

27. Tamba disputes that he improperly reported an accident. Tamba took responsibility for the accident.

28. Nevertheless Tamba was terminated from Publix.

29. Prior to arriving in Alabama, Tamba's Florida Manager described Tamba in written performance review dated 7/21/2016, "Extremely good performance over the last year."

30. At Publix's new distribution center where Tamba moved to from his Florida residence to help the company grow, Tamba experienced hostility based on his national origin and race.

31. As a result Publix's decision to sever the employment relationship, Tamba was left unemployed and out of his career with a company that is generally recognized as one of the best places to work in America.

32. That is why Tamba was willing to uproot from Florida to pursue his dream of advancing in a career.

33. Tamba witnessed other African-American employees who also left their Florida home to help Publix's expand their southeast presence had negative employment experiences in the McCalla distribution center.

34. Compounding the damage to Tamba, after losing his Publix job, is now his former employer has asserted that he has to pay the company $17,780.67 because he separated from employment.

35. John Manns issued a memo that stated because Tamba separated from employment within two years of moving to Alabama, under a relocation agreement, he has to pay money back to Publix.

36. The Manns' memo stated that Tamba agreed to work for Publix for at least two years after moving to Alabama.

37. Publix separated Tamba from employment not the other way around.

38. Any breach of the agreement is due to Publix's alleged discriminatory action.

39. Demanding over seventeen thousand dollars when Publix initiated the alleged discriminatory termination causes Tamba mental distress and suffering.

## V. COUNTS

### A. RACE AND NDISCRIMINATION IN EMPLOYMENT

40. The Defendant Publix discriminated against Tamba because of his race and/or national origin with respect to the termination in violation of 42 U.S.C § 2000e, as amended, and 42 U.S.C §1981 and 42 U.S.C.§1981a.

41. Tamba was held to higher standards of employment than white employees who have accidents and complete accident reports.

42. Moreover, Publix's supervisors in McCalla, Alabama made fun of Tamba's accent and continued to ask him where he was from,

7

reflecting that he was viewed as "different" or "other" than the white non-immigrant employees.

43. Tamba has suffered loss of pay and benefits. Furthermore, as a result of the treatment he received from the Defendant, Tamba suffered mental anguish, humiliation, embarrassment. The Defendant's discriminatory actions toward Tamba was reckless, malicious, and willful and in violation of Tamba's statutory rights pursuant to Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. 1981.

**B.    Title VII and 1981 Retaliation**

44. Plaintiff re-alleges paragraphs 1 through 30 above and incorporates them by reference as if fully set forth herein.

45. After Tamba alerted Publix managers to discrimination, his pay was cut.

46. After Tamba complained about the discriminatory cut, his pay was cut and 2nd time.

47. Tamba was issued a warning that if he did not cease complaining about discrimination, that Chambers could make so Tamba completely failed.

48. This reckless and willful retaliation on the part of the defendant constitutes a violation of the plaintiff's statutory rights pursuant to Title VII of the Civil Rights Act of 1964, as amended. And 42 U.S.C. § 1981, § 1981a.

49. As a further consequence and effect of the Tamba's unlawful conduct and practices, the Plaintiff was deprived of income and other compensation and benefits.

50. Tamba has suffered embarrassment, humiliation, mental distress and emotional pain and anguish as a consequence of the Defendant's retaliatory conduct.

51. Plaintiff has no plain, adequate, or complete remedy at law to wrongs alleged herein and this suit, and an action for injunctive, declaratory, and other relief, including punitive and compensatory damages, is his only means of securing adequate relief.

52. As a result of the Defendant's actions, the Plaintiff has suffered and continues to suffer severe emotional distress, mental anguish, embarrassment, humiliation, inconvenience, and loss of enjoyment of life.

## C. STATE LAW -BREACH OF CONTRACT

53. Publix has asserted that based on breach of a relocation agreement that Tamba agreed to remain employed for two years after moving from Florida.

54. Tamba agreed to remain employed for at least two years with Publix.

55. However, nothwithstanding any relocation agreement, Publix severed the relationship and is now demanding in excess of $17,000.00 from Tamba.

56. By not allowing Tamba to remain employed and terminating his employed for alleged illegal reason, Publix has violated the agreement.

57. In addition to whatever monies Public contributed to move Tamba to Alabama, Tamba spent his own money to make the transition to Alabama for Publix's and its shareowners' benefit.

58. In light of the written statement in the Manns' memo that Tamba accepted employment for at least two years in Publix's behalf, a definite duration, in Alabama, Publix created a property interest for Tamba.

59. Publix severed the agreement, not Tamba, and at a minimum Tamba is entitled to the all lost compensation created by the requirement that Tamba remain employed—according to how Publix's interpreted the agreement.

60. Publix officials in McCalla, Alabama wrongfully prevented Tamba from fulfilling the agreement.

**VI. PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff respectfully prays that this Court:

1. Issue a declaratory judgment that the Defendant's acts, policies, practices, and procedures complained of herein have violated and continue to violate the rights of the Plaintiff, et seq., Title VII of the Civil Rights Act of 1964, As Amended. And 42 U.S.C § 1981

2. Grant the Plaintiff a permanent injunction enjoining the Defendant, its agents, successors, employees, attorneys and those acting in concert with the defendant and at the defendant's request from continuing to violate the Plaintiff's rights.

3. Pay Tamba all benefit for employment for a minimum of two years.

4. Enter an Order to make the Plaintiff whole by granting her appropriate declaratory and injunctive relief that among other items Tamba does not owe any funds to Publix, Inc. , and back-pay, (plus interest), front pay, lost stock and retirement benefits, as well as nominal and/or compensatory, punitive damages, liquidated damages, and other benefits of employment.

5. The Plaintiff further prays for such other relief and benefits as the cause of justice may require, including but not limited to, an award of costs, attorney's fees and expenses.

**JURY DEMAND**

A TRIAL JURY DEMANDED ON ALL CLAIMS

Respectfully submitted,

s/Lee Winston
Lee Winston
Roderick T. Cooks
Attorneys for the Plaintiff

**OF COUNSEL:**
WINSTON COOKS, LLC
505 20th Street North
Birmingham, AL 35203
Tel: (205)502-0970 Fax: (205)251-0231
email: lwinston@winstoncooks.com